IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KHALID AUSTIN MAHAMMEND | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. JKB 23-528 |
| DAVID GREEN, *et. al* | * | |
| | * | |
| Defendants. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS</u>**

Defendants David Green, Haggie, Adisa, Kenya Sinkler, Synessa Jefferson, Jarvis, Tucker, and Baltimore City Correctional Center ("BCCC"), by and through Anthony G. Brown, Attorney General of the State of Maryland, and James S. Pasko, Assistant Attorney General, hereby file this Memorandum of Law in support of their Motion to Dismiss. In support thereof, Defendants state the following:

I. **INTRODUCTION**

Plaintiff Khalid A. Mahammend, an Incarcerated Person currently committed to the DOC, has filed a Complaint against the Baltimore City Correctional Center and the named individual defendants: David Green, N. Haggie, Adisa, Kenya Sinkler, Synessa Jefferson, Jarvis, and Tucker. The Complaint alleges that on or about January 18, 2023, Mr. Mahammend was falsely accused of committing an inmate infraction that ultimately resulted in him being convicted at a disciplinary hearing held at the correctional institution. *See e.g.* ECF 1. Plaintiff alleges that Major N. Haggie and Captain Kenya Sinkler "made or cause to be made, a statement, report or complaint of any emergency or alleged the commission of a crime that they Defendants knew/knows to be false as

1

a whole or in a material part to a government emergency report recipient with reckless disregard of causing me bodily harm as a direct result of a response to the statement report or complaint." ECF 1, p. 5. In addition to his allegations of a wrongful conviction, Mr. Mahammend alleges disciplinary sanctions that resulted from his rules violation conviction were unlawful. ECF 1, pp. 5-6.

Dismissal is appropriate in this matter because Plaintiff has failed to state a claim upon which relief can be granted.

## II.    FACTUAL BACKGROUND

Plaintiff's Complaint arises from an incident at Baltimore City Correctional Center ("BCCC") on or about January 18, 2023. On that date, Plaintiff claims, "I was lied on and falsely accused of committing an act by which I received a ticket based on camera footage by Captain Kenya Sinkler and Major N. Haggie and the FA Adisa." ECF 1, p. 3. Plaintiff states, "the camera footage don't show me conspiring, attempting to commit or aiding none of the people who went into the victim cell @8:38 pm." ECF 1, p. 4.

## III.   STANDARD OF REVIEW

### a. Motion to Dismiss

Defendants' motion to dismiss is brought pursuant to Fed. R. Civ. P. 12(b)(6), which provides for the dismissal of a complaint, in whole or in part, if a party fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of a complaint." *Oliver v. Black Knight Asset Mgmt., LLC*, 812 F.Supp. 2d, 2, 8 (D.D.C. 2011). Fed. R. Civ. P. 8(a)(2) states generally that a pleading states a claim for relief when it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."

A complaint "must give the defendants notice of the claims and the grounds upon which they rest, but specific facts are not necessary." *Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (internal citations omitted). Construing this pleading standard, the Supreme Court has stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations… a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). To survive a motion to dismiss pursuant to Rule 12(b)(6), an action must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 50.

Therefore, the Court must dismiss Plaintiff's complaint if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citation and internal quotation marks omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[W]here the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but has not 'show[n]' that the pleader is entitled to relief." *Iqbal* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

The purpose of 12(b)(6) is to permit trial courts to terminate lawsuits "that are fatally flawed in their legal premises and destined to fail, and thus spare litigants the burden of unnecessary pre-trial and trial activity. *Advanced Cardiovascular Systems, Inc. v. Scimed Life Systems, Inc.* 988 F.2d 1157, 1160 (Fed.Cir. 1993). The Court is not required to accept as true bald

3

assertions and legal conclusions, or it is required to draw unwarranted inferences to aid the plaintiff. *Randall v. United States*, 30 F.3d 518 (4th Cir. 1994).

IV. **LEGAL ARGUMENT**

    a. <u>Plaintiff Has Failed to Exhaust Administrative Remedies</u>

Plaintiff filed his Complaint on February 24, 2023, when he was incarcerated at the Maryland Correctional Institution – Jessup ("MCI-J"). The allegations in his Complaint fall squarely within the parameters of the Prison Litigation Reform Act (PLRA). However, Plaintiff has filed suit in the District Court without first exhausting his administrative remedies. The basis of Plaintiff's entire complaint is that he was wrongly convicted at an inmate disciplinary hearing. The Complaint is completely devoid of any allegation of an appeal to the Commissioner of Correction or to the Inmate Grievance Office. In fact, Plaintiff states, "FA Adisa, Major Haggie and the Warden will not help me appeal this bad decision." ECF1, pp. 7-8. He further adds, "I followed the procedure to exhaust all remedys first I filed an appeal with the warden David Green, I wrote ARPs then to the coordinator Ms. Tucker." ECF 1, p. 5. Again, Plaintiff makes no reference to the Commissioner of Correction or to the Inmate Grievance Office. Therefore, because he has not complied with the terms set forth in in the Prison Litigation Reform Act, his Complaint must be dismissed.

Plaintiff attached several requests for administrative remedy ("ARPs") to his Complaint, but the complaints raised in those requests do not complain about individuals. ARP BCCC 000523, dated January 19, 2023, states "I'm requesting that my ticket be dismissed and I be found (Not Guilty) due to lack of evidence and it can't be proven beyond a reasonable doubt that I was holding a door @ 8:38 pm …" ECF 1-1, p. 11. Plaintiff attached ARP, MCIJ 0049-23, that claims "H.O. Rep Jarvis submitted falsified photo evidence to swing the outcome of my 102 hearing on 1-26-

23." ECF 1-1, p. 7. Facility Administrator Adisa and Major Haggie are mentioned in the ARP, but only that they conducted an investigation, no complaint is made against either. Plaintiff attached a third ARP, dated January 29, 2023. In this ARP, Plaintiff states the exact same complaint offered in MCIJ 0049-23, that "witness Jarves submitted falsified photo evidence to swing the outcome of my 102 hearing on 1-26-23" and "FA Adisa and Major N. Haggi conducted an investigation." ECF 1-1, p. 5. Plaintiff attached a fourth ARP, MCIJ 0052-23, where he makes the same complaints as he did in previous ARPs. However, in this ARP, he references Hearing Officer Synessa Jefferson and alleges she "denied [him] a fair trial/hearing … and subjected [him] to a unsupported evidence conviction." ECF 1-1, p. 9. Lastly, Plaintiff attached the Inmate Grievance Office's ("IGO") response to his appeal of his disciplinary conviction. The IGO did not address any complaint about any individual, as his grievance was not in reference to any individual's conduct, but merely an appeal of his conviction. The IGO responded via letter, dated February 17, 2023, stating "you seek to have a ticket dismissed due to lack of evidence." ECF 8-1, p. 8. The IGO never references any conduct of any individual. Therefore, Plaintiff has failed to exhaust his administrative remedies as to any of the named Defendants. Prior to filing this present action, Plaintiff was required to pursue all claims through the administrative process. The only action he appears to have exhausted is his belief that he was wrongly convicted. However, no complaint against any of the named Defendants was pursued.

The Prison Litigation Reform Act (PLRA) generally requires prisoners to pursue their administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. *Chase v. Peay*, 286 F. Supp. 2d 523, 530 (D. Md. 2003) *aff'd,* 98 F. App'x 253 (4th Cir. 2004); *Gibbs v. Bureau of Prison Office*, 986 F. Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff

5

did not appeal his administrative claim through all four stages of the BOP's grievance process); *Booth v. Churner,* 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum,* 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See also Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). The Supreme Court has interpreted this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002). Thus, the exhaustion requirement clearly extends to the Plaintiff's claim. Unless the Plaintiff can show that he has satisfied the administrative exhaustion requirement under the PLRA, or that the Defendant has forfeited his right to raise non-exhaustion as a defense, the complaint must be dismissed. *See Chase,* 286 F. Supp. 2d at 528.

In Maryland, there is a three-step process for requesting an administrative remedy. First, Plaintiff must file a request for administrative remedy with the warden of the prison within 30 days from when the incident occurred, or the date the inmate first gained knowledge of the incident or injury giving rise to the complaint. If the request is denied, a prisoner has 30 calendar days to file an appeal with the Commissioner of Correction. If that appeal is denied, the prisoner then has 30

6

days to file a grievance with the Executive Director of the Inmate Grievance Office (IGO). *See* Md. Code Ann., Corr. Serv. §§ 10-206, 10-210; Md. Code Regs. 12.07.01.05. In order to show administrative exhaustion, Plaintiff must demonstrate that he appealed his grievance all the way to the IGO through all three steps in the administrative process. *Id.*

If an inmate is not satisfied with the action of the IGO, the Legislature has provided for judicial review through an appeal to the Circuit Court. The Legislature by statute has made it clear that inmate complaints must be pursued before the IGO, and that any subsequent judicial involvement be limited to judicial review in an on the record appeal. *McCullough v. Wittner*, 314 Md. 602, 606 (1989).

Where an inmate files directly in the District Court, such an action is clearly not the prescribed unique avenue for such an appeal. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-1003(a)(3) ("Judicial review following administrative consideration shall be the exclusive judicial remedy for any grievance or complaint within the scope of the administrative process"). Where the inmate pursues such a direct action in the District Court, in a case not falling within the exception of § 5-1003(a)(3), the District Court is without jurisdiction, and the case must be dismissed.

Further, exhausting administrative remedies after a Complaint is filed will not save a case from dismissal for failure to exhaust administrative remedies. *See Neal v. Goord*, 267 F.3d 116, 121-22 (2d Cir. 2001) (overruled on other grounds) (a Section 1983 action, citing numerous cases). Allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court. *See Neal*, 267 F.3d at 123. Moreover, if during the pendency of a suit, the administrative process were to produce results benefitting plaintiff, the federal court would

have wasted its resources adjudicating claims that could have been resolved within the prison grievance system at the outset. *Id.*

Further, in *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999), the Court stated: "The plain language of the statute [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal Court… The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit."

Plaintiff has failed to pursue his grievances regarding the perceived constitutional violations alleged to have been taken by the named individual Defendants through all steps in the administrative process, and his Complaint must therefore be dismissed.

> b. Defendant Baltimore City Correction Center ("BCCC") is Not a Person Amenable to Suit Under 42 U.S.C. § 1983

Plaintiff brings a number of federal claims against Defendant BCCC, including violations of the 14th Amendment (due process), 8th Amendment (cruel and unusual punishment), and 1st Amendment (free exercise of religion).ECF 1, p. 3.

However, state agencies and departments, such as BCCC, as identified in Plaintiff's Complaint, cannot be sued under 42 U.S.C. §1983 for violations of Plaintiff's constitutional rights because they are not a "person" amenable to suit under §1983. *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D.Va. 1999) (holding that jails are not "persons" amenable to suit under 42 U.S.C. § 1983), aff'd in part and vacated in part on other grounds, No. 99-6950, 2000 WL 20591 (4th Cir. 2000); *see also Allison v. California Adult Auth*., 419 F.2d 822, 823 (9th Cir. 1969) (holding that a prison was not a "person" under 42 U.S.C. § 1983). Accordingly, this Court must dismiss Plaintiff's claims arising under 42 U.S.C. § 1983 asserted against BCCC.

> c. Plaintiff Has Failed to State a Claim Against the Individual Defendants Upon Which Relief Can be Granted Under 42 U.S.C. § 1983

8

Plaintiff's Complaint seeks redress for the alleged violations of Plaintiff's rights under the United States Constitution. Specifically, Plaintiff claims that the named individual Defendants, violated rights conferred by the First, Eighth, and Fourteenth Amendments to the United States Constitution. The claims against the individual Defendants must be dismissed because section 1983 requires a showing of personal fault based upon a defendant's personal conduct. Additionally, as to Warden Green or Facility Administrator Adisa, there is no *respondeat superior* liability under § 1983. *Burley v. Baltimore Police Department*, 422 F.Supp. 3d 996 (2019).

Liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation. It is well established that the doctrine of *respondeat superior* does not apply in § 1983 actions. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004)(no *respondeat superior* liability under § 1983). Liability of supervisory officials "is not based on ordinary principles of *respondeat superior*, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001)(quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)).

Supervisory liability under § 1983 must be supported with evidence that: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Without subjective knowledge, a prison official is not liable. *Farmer v. Brennan*, 511 U.S. 825, 846 (1994).

However, despite this requirement, Plaintiff does not make any such allegations. Instead, Plaintiff makes general references to the named individual defendants, and makes passive reference to the actions of them without any specificity. He claims that the case presented against him at the disciplinary proceeding was flawed, but does not provide a scintilla of information in support. Plaintiff claims he "wrote ARPs to the coordinator Ms. Tucker", but does not present any allegation against her. ECF 1, p. 5. Plaintiff presents no claim against the disciplinary hearing officer, Synessa Jefferson. The only reference to her is that she found him not guilty of "my charges category #'s 100 and 125." *Id.* Allegations against Facility Administrator Adisa and Warden Green are also conspicuously missing, the only mention of either is "FA Adisa, …, and the Warden will not help me appeal this bad decision." *Id*.

Regardless, Plaintiff does not state that Warden Green or Facility Administrator Adisa had actual or constructive knowledge that a subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to plaintiff. Accordingly, these bald and conclusory allegations are insufficient to establish *respondeat superior* liability, and these claims against Defendant Green and Adisa must be dismissed.

    d.  <u>Defendants are Entitled to Qualified Immunity</u>

Defendants are further entitled to dismissal on the basis of qualified immunity as to all claims under the First, Eighth and Fourteenth Amenmdants. The evidence has established that the Defendants have not violated any clearly established constitutional right of which a reasonable public official should have known. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Anderson v. Creighton*, 483 U.S. 635 (1987); *Turner v. Dammon*, 848 F.2d 440 (4th Cir. 1988); *Taratino v. Baker*, 825 F.2d 772 (4th Cir. 1987); *Young v. Lynch*, 846 F.2d 960 (4th Cir. 1988) (application to disciplinary committee members). Qualified immunity "is intended to allow public officials to act,

with independence and without fear of consequences, where their actions do not implicate clearly established rights." *Turner v. Dammon*, 848 F.2d at 443 (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

Under the standard articulated in *Harlow v. Fitzgerald*, and *Mitchell v. Forsyth*, 472 U.S. 511 (1985), the question of whether a government or public official is entitled to summary judgment based on qualified immunity generally turns on the "objective reasonableness of the action, assessed in light of the legal rules that were 'clearly established at the time the action was taken.'" *Harlow*, 457 U.S. at 818; *see also Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (per curiam) ("The salient question . . . is whether the state of the law at the time of the incident provided 'fair warning' to the defendants."). In the instant matter, it is clear that the actions of all Defendants were objectively reasonable with regard to enforcing departmental policies and conducting inmate disciplinary hearings.

The clearly established law must not be defined at a "high level of generality," to be clearly established, precedent must establish the constitutional issue "beyond debate." *Plumhoff v. Rickard*, 134 S. Ct. 2012, 2023 (2014). Qualified immunity thus protects public officials not only from liability, but from the vexations of trial. *See Mitchell*, 472 U.S. at 526. The Fourth Circuit stated: "[o]fficials 'generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established rights of which a reasonable person would have known.'" *Turner v. Dammon*, 848 F.2d at 443 (quoting *Harlow*, 457 U.S. at 818). Defendants' actions were objectively reasonable, and they are therefore entitled to qualified immunity.

    e.  <u>Plaintiff's Claims are Barred by Eleventh Amendment Immunity</u>

It is well established that the Eleventh Amendment bars any suit in federal court, absent consent, against a state by its own citizens. *See Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S.

356 (2001) (observing that "[t]he ultimate guarantee of the Eleventh Amendment is that non-consenting States may not be sued by private individuals in federal court.") It is likewise well-established that the Eleventh Amendment bars federal court actions against the agencies and departments of the state, as well as the state itself. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100-01 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam).

Similarly, claims brought against state employees in their official capacity are barred by the Eleventh Amendment because a suit against a state officer in his official capacity is tantamount to a suit against the state itself. *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985). And, as when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief. *Pennhurst,* 465 U.S. 101-02 (citations omitted).

Plaintiff identifies a warden, a facility administrator, a hearing officer, an ARP coordinator, and three individual correctional officers as defendants, but does not specify whether they are sued in their individual or official capacity. Suits against state employees in their official capacity are barred by the Eleventh Amendment, so to the extent this suit attempts to hold the individual defendants liable in their official capacity, it must therefore be dismissed.

### V.  CONCLUSION

For the reasons set forth above, Plaintiff has failed to state a claim upon which relief can

be granted, and Plaintiff's Complaint must be dismissed.

                                                                        Respectfully submitted,

                                                                        ANTHONY G. BROWN
                                                                        Attorney General of Maryland

                                                                        /s/ James S. Pasko
                                                                        JAMES S. PASKO
                                                                        Assistant Attorney General
                                                                        Federal Bar No. 20217
                                                                        Office of the Attorney General
                                                                        Department of Public Safety and
                                                                        Correctional Services
                                                                        6776 Reisterstown Road, Suite 313
                                                                        Baltimore, Maryland 21215
                                                                        T: (443) 240-7662
                                                                        E-mail:  james.pasko@maryland.gov

E-Filed:  January 16, 2024                             Attorney for Defendants